UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE E. C.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CASE NO. 3:26-CV-5505-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION DENYING BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] The Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's RFC may have included additional limitations. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned United States Magistrate Judge. *See* Dkt. 3.

405(g), to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I. Procedural History

Plaintiff filed her applications for SSI and DIB on September 2, 2021, alleging disability as of March 1, 2020. Administrative Record ("AR") 513, 523.[2] Her claims were denied initially on March 14, 2022, and upon reconsideration on August 29, 2022. AR 513, 523, 533, 545. A hearing was held before ALJ Mark Triplett ("the ALJ") on June 28, 2023, AR 474, who issued a decision denying Plaintiff's claim on August 30, 2023. AR 34–51. The Appeals Council denied Plaintiff's request for review on May 17, 2024, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with the United States District Court for the Western District of Washington on July 22, 2024. AR 1973. Pursuant to a stipulated remand from the parties, AR 1977–78, United States Magistrate Judge Grady J. Leupold entered an order remanding the matter on January 24, 2025. AR 1981–82.

The matter came on for another hearing on December 10, 2025, AR 1901, and on January 16, 2026, the ALJ entered a partially favorable decision concluding that Plaintiff was disabled as of December 10, 2025, but was not disabled prior to that date. AR 1868–89. In turn, Plaintiff filed a complaint with the United States District Court for the Western District of Washington on May 19, 2026, once again, seeking judicial review of the ALJ's decision. Dkt. 6.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by

[2] Plaintiff's alleged onset date was subsequently amended to May 1, 2020. AR 1868.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III. Discussion

Plaintiff argues that the ALJ erred in evaluating: (1) certain medical opinion evidence; (2) her subjective symptom testimony; (3) the lay witness evidence; and (4) Plaintiff's RFC. Dkt. 11 at 2.

### A. Medical Opinion Evidence

First, Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence offered by Dr. Gary Sacks and Rebecca Klingman, MA, LMHC, MHP. Dkt. 11 at 3–6.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Rather, ALJs must consider every medical opinion or prior administrative medical

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844,

finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

i. *Dr. Sacks*

Dr. Sacks submitted a "Psychodiagnostic Examination" of Plaintiff on August 17, 2022. AR 1476–80. In Dr. Sacks' opinion, Plaintiff "suffers Posttraumatic Stress Disorder and worries about loss of physical prowess secondary to rheumatoid arthritis[,] [i]n her current condition she suffers moderate interference with social function, mild interference in activities of daily living,

---

5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

no interference with adjusting to changes in routine and *no interference with attention, concentration and pace*." AR 1480 (emphasis added).

The ALJ found Dr. Sacks' opinion "persuasive." AR 1884. The ALJ found Dr. Sacks' opinion that Plaintiff's "impairments have *no significant interference* in her ability to maintain attention, concentration, and pace is supported by his objective findings that she was able to attend throughout the interview with [sic] difficulty[.]" *Id.* (emphasis added).[4] The ALJ also found "[t]hese limitations are consistent with the medical evidence of record" where "[d]espite [Plaintiff]'s allegations of debilitating mental health symptoms, the mental status examinations throughout the record have been grossly within normal limits[.]" AR 1884–85.

Plaintiff argues that Dr. Sacks' opinion regarding attention, concentration, and pace was "lacking in supportability because it is not fully consistent with his own clinical findings[.]" Dkt. 11 at 4. Specifically, Plaintiff argues that Dr. Sacks' opinion was "inconsistent with his own mental status findings that [Plaintiff] 'had difficulty with focus (2/3 on delay, 5# forward with 3# back),' " and with Dr. Reade's "persuasive" opinion of "moderate" limitations in maintaining attention, concentration, and pace. *Id.*

The Court agrees with Plaintiff, this specific limitation opined by Dr. Sacks—that Plaintiff had "no interference with attention, concentration[,] and pace"—was not supported by Dr. Sacks' own clinical findings at the exam, where Plaintiff *did* exhibit some difficulty with attention, concentration, and pace, and was also inconsistent with Dr. Reade's similarly "persuasive" opinion. *Cf.* AR 536 (Dr. Reade's "persuasive" medical opinion that Plaintiff has "moderate" limitations in her ability to concentrate, persist, or maintain pace), 1480 (Dr. Sacks'

[4] The Court presumes that the ALJ purported to say "without" difficulty. AR 1884.

"persuasive" medical opinion that Plaintiff has no limitations in her ability to concentrate, persist, or maintain pace).

Turning to consistency, as for Plaintiff's ability to maintain attention, concentration, and pace, the ALJ found that Dr. Sacks' opined "limitations are consistent with the medical evidence of record" where "[d]espite [Plaintiff's] allegations of debilitating mental health symptoms, the mental status examinations throughout the record have been grossly within normal limits[.]" AR 1884–85. To support this finding, the ALJ offers a long string citation to appointments where Plaintiff, allegedly, exhibited normal mental status exams. *Id.*

The majority of these citations do not provide substantial evidence of a consistency between the medical evidence of record and Dr. Sacks' opinion of "no interference with attention, concentration[,] and pace" because these citations largely derive from medical appointments where Plaintiff was *not* seen for her severe mental impairments. More the citations rest "upon an inference that cannot reasonably be drawn from the record[,]" that Plaintiff would report her mental health symptoms at medical appointments ostensibly unrelated to her mental health conditions. *See Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (holding that "substantial evidence does not support" the ALJ's "second reason for rejecting [the doctor]'s opinion" because "no reasonable person would expect a podiatrist seeing a patient who complains of foot problems to thoroughly examine the full range of that patient's hearing, it is unreasonable to expect [the claimant's] examining physicians [to] under[take] a thorough range of motion of [the claimant's] right thumb.).

For instance, the ALJ cites to Exhibit 4F/10, where Plaintiff was seen for "recurrent chest pain symptoms[,]"[5] and Exhibit 6F/18, 25, where Plaintiff was seen for "rheumatoid arthritis."

[5] Exhibit 5F/68, cited by the ALJ, is absent from the record. *See* AR 898.

AR 881–82, 914, 916, 923. Likewise, Exhibit 7F/11 was for "CP [chest pain] and feeling of racing heart"; Exhibit 18F/15 was "for routine gynecological examination"; Exhibit 19F/9 was an ophthalmologist appointment; Exhibit 28F/18 was Plaintiff "complaining of pelvic pain with a feeling of vaginal pressure ongoing intermittently over the past 6 months"; Exhibit 31F/4, 10 was "to review the results of a recent MRI performed" on Plaintiff's knee. AR 968–69, 1495, 1510–12, 2672–73, 2676, 2865–66, 2872.

The ALJ's citations to mental health appointments, Exhibits 11F/14, 28; 32F/5; and 34F/3, 5–6, 14–15, do not provide substantial evidence of "normal" mental status evaluations, nor that Plaintiff's mental impairments cause "*no interference with attention, concentration and pace*." AR 1480 (emphasis added). In fact, the findings the ALJ cites actually support a proposition contrary to the ALJ's assertion..

For instance, Exhibit 11F/13–14 notes that Plaintiff "scheduled telephone consult today to discuss mood issues[,] [Plaintiff] states that she feels depressed[,] overwhelmed[,]" but contains *no mention whatsoever* of Plaintiff's attention, concentration, or pace. AR 1216–17. Exhibit 32F/5 fares no better—it notes that Plaintiff experienced "[t]rouble concentrating on things, such as reading the newspaper or watching television: *Nearly Every Day*." AR 2878–79 (emphasis added). The Court cannot discern how this record citation was consistent with Dr. Sacks' opinion that Plaintiff experienced "no interference with attention, concentration and pace." *Cf.* AR 1480, 1885. Exhibit 34F/3 mirrors Exhibit 32F/5, noting "trouble concentrating on things . . . nearly every day." AR 2885. This evidence is entirely antithetical to the ALJ's findings.

For these reasons, the Court concludes that the ALJ's finding that Dr. Sacks' opinion that Plaintiff experienced "no significant interference in her ability to maintain attention,

concentration, and pace" was "persuasive" because it was supported and consistent, was not supported by substantial evidence. Consequently, the ALJ erred in evaluating Dr. Sacks' medical opinion.

ii. *Harmless Error Analysis*

Applying the harmless error analysis requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made " 'without regard to errors' that do not affect the parties' 'substantial rights.' " *Molina*, 674 F.3d at 1118–19 (citations omitted). Here, the Court concludes that, had the ALJ properly considered Dr. Sacks' opinion, Plaintiff's RFC may have included additional limitations, including the opined "persuasive" "moderate" limitations in Plaintiff's ability to maintain concentration, attention, and pace that were opined by Dr. Reade. AR 542. For this reason, the Court concludes that the ALJ committed harmful error in evaluating the medical opinion evidence, and the proper disposition is to reverse and remand the matter for further proceedings consistent with this order. Nonetheless, in the interest of judicial economy, the Court will address Plaintiff's remaining medical opinion and subjective symptom testimony arguments.

iii. *Rebecca Klingman, MA, LMHC, MHP*

Ms. Klingman submitted letters on behalf of Plaintiff's disability claim on June 19, 2023, and November 29, 2025. AR 1855, 2881. In Ms. Klingman's first letter, she opined that Plaintiff has "certain limitations coping with what would otherwise be considered normal, including significant day-to-day situations." AR 1855. Ms. Klingman noted that "[w]orking with [Plaintiff] over the last 3 years has been a work in progress as she struggled to attend some session[s] due to her high anxiety." *Id.*

In her second letter, Ms. Klingman noted that Plaintiff "experiences significant functional impairments related to her mental health conditions[,]" because "[h]er PTSD and severe anxiety cause frequent intrusive thoughts, emotional dysregulation, panic attacks, and sleep disturbances[,]" and her "mood disorder manifests as periods of severe depressive symptoms, low motivation, and difficulty sustaining daily activities." AR 2881. She noted that Plaintiff's symptoms "substantially limit her ability to maintain consistent employment, perform routine work tasks, manage interpersonal relationships, and attend to daily responsibilities." *Id.*

The ALJ found Klingman's opinions were "not persuasive." AR 1885. As for supportability, the ALJ found the first opinion was "vague and provides no specific functioning limitations" while the second opinion was "not supported by the examination findings documented in her treatment notes and she provided minimal explanation within the opinion itself." *Id.* (internal record citations omitted). As for consistency, the ALJ noted that both "opinions provided by Ms. Klingman [we]re not consistent with the medical evidence of record that contains grossly normal mental status examinations[.]" AR 1886.[6]

Plaintiff argues that "Ms. Klingman's opinion is consistent with [Plaintiff]'s testimony, and her opinion provides further support for [Plaintiff]'s description of her limitations." Dkt. 11 at 5–6. In making this argument, however, Plaintiff does not meaningfully challenge the ALJ's "supportability" finding, beyond her conclusory assertion that Ms. Klingman's "opinion provides further support for [Plaintiff]'s description of her limitations." *Id.* at 6. Plaintiff has the burden of demonstrating harmful error, and any arguments not raised in her briefs are deemed waived. *See*

[6] In making this consistency finding, the ALJ cites to the same string citation offered in evaluating Dr. Sacks' medical opinion. *Cf.* AR 1885, 1886. This finding is not supported by substantial evidence, as discussed *supra*.

*Shineski v. Sanders*, 556 U.S. 396, 410 (2009); *see also Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Bisuano v. Colvin*, 584 Fed. App'x 512, 514 (9th Cir. 2014).

Here, Plaintiff does not challenge the ALJ's supportability findings as to Ms. Klingman, and for this reason, the Court concludes that the ALJ did not err in concluding that Ms. Klingman's opinion was not persuasive. *See Allen v. Kijakazi*, No. 22-35056, 2023 WL 2728857, at *1 (quoting *Woods*, 32 F.4th at 793 n.4) ("[A]n ALJ d[oes] not err in discounting a medical opinion that was 'supported' but not 'consistent.'").

B. Subjective Symptom Testimony

Next, Plaintiff argues that the ALJ erred in evaluating her subjective symptom testimony. Dkt. 11 at 11–16. As Defendant notes, however, in arguing that the ALJ erred in evaluating her subjective symptom testimony, Plaintiff "overlooks the ALJ's discussion of other factors [for discounting her testimony], such as . . . Plaintiff's improvement with treatment and medication, and Plaintiff's minimal treatment measures." Dkt. 14 at 3.

Indeed, despite the ALJ discounting Plaintiff's testimony because Plaintiff "said her back 'doesn't hurt too bad' with physical therapy home exercises[,] [s]he reported improved right shoulder pain with physical therapy[,] and improved foot pain with medication[,]" and "the "record shows improved symptoms with treatment, including massage, Tylenol, ibuprofen, CBD, pregnancy pillows, and heat[,]" AR 1878, Plaintiff, or rather, Plaintiff's counsel does not discuss this reason, or these findings, whatsoever, in her brief. *See* Dkt. 11 at 11–16.

As noted, Plaintiff has the burden of demonstrating harmful error, and any arguments not raised in her briefs are deemed waived. *See Shineski*, 556 U.S. at 410; *see also Greger*, 464 F.3d at 973; *Bisuano v. Colvin*, 584 Fed. App'x at 514. Here, Plaintiff does not challenge this specific, clear, and convincing reason—based upon substantial evidence—for discounting Plaintiff's

subjective symptom testimony, and for this reason, the Court concludes that the ALJ did not commit harmful error in evaluating Plaintiff's testimony. *See Molina*, 674 F.3d at 1115 (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

C. <u>Lay Witness Testimony</u>

Finally, Plaintiff argues that the ALJ "failed to properly evaluate the lay witness evidence." Dkt. 11 at 16. Having found harmful error, however, the Court need not address Plaintiff's remaining arguments regarding the lay witness evidence or Plaintiff's RFC because the ALJ should re-evaluate the medical opinion evidence, the lay witness evidence, and as necessary, Plaintiff's RFC upon remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

**IV. Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED**.

Dated this 5th day of October, 2026.

David W. Christel
United States Magistrate Judge